## No. 1072.

### THE STATE EX REL. FANNY ROOS VS. A. CURRIE, MAYOR OF SHREVEPORT.

Mandamus will issue to compel the granting of a suspensive appeal in a case where the constitutionality or legality of a fine, forfeiture or penalty imposed by a municipal corporation is involved, although the pleading before the municipal authority may not have set forth the particular law or constitutional provision violated. The sufficiency of the defense will be adjudged on the appeal.

APPLICATION for Writs of Prohibition and Mandamus.

---

The opinion of the Court was delivered by

FENNER, J. Relator was cited to appear before the defendant Mayor, and answer to a charge of violating certain ordinances of the City of Shreveport, relative to houses of ill-fame, etc. She appeared and filed answer denying her guilt, and further alleging that "the ordinance or ordinances upon which this proceeding is founded, and the fine, forfeiture and penalty imposed by the same, are unconstitutional and illegal." After trial, defendant rendered a written decree, adjudging her guilty as charged, condemning her to pay a fine of fifty dollars, and enforcing other penalties.

Relator then applied for a suspensive appeal from this judgment, which was refused. She now asks relief at our hands by mandamus, to direct the granting of her appeal, and by prohibition, to prevent proceedings in execution of the judgment. She is entitled to the relief asked.

The case is manifestly one "in which the constitutionality or legality * * of fine, forfeiture or penalty, imposed by a municipal corporation, is in contestation," and is therefore subject to direct appeal to this Court. Const. Art. 81.

The only excuse urged in the answer of respondent for refusing the appeal is to the effect that the answer is too vague, and does not set forth in what respect the fine, etc., is unconstitutional, or what particular law or constitutional provision is violated.

Questions of this kind, as to the sufficiency of the pleadings, and of the defense generally, can only be considered by us on the appeal. To authorize the appeal, it is only necessary that the constitutionality or legality of the fine, etc., should be contested.

Such is clearly the case here. We notice the request of respondent to fix the return day of appeal at an early day, but discover no authority in ourselves to interfere with the return day fixed by law, in absence of consent of parties.

It is, therefore, ordered, adjudged and decreed that the alternative writ of mandamus, issued herein, be now made peremptory at respondent's cost.